# Exhibit A

Case: 4:16-cv-01462-AGF   Doc. #:  1-1   Filed: 09/15/16   Page: 1 of 15 PageID #: 26

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION  MDL No. 2327

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in 49 actions move to vacate our orders conditionally transferring the actions to MDL No. 2327. The 49 actions, which are listed on the attached Schedule A, are pending in the Central District of California (four actions), the Eastern District of Missouri (two actions), the Eastern District of Pennsylvania (42 actions), and the Southern District of Texas. Responding defendants Johnson & Johnson and Ethicon, Inc. (collectively Ethicon) oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2327. Like many of the already-centralized actions, these 49 actions involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon and related entities were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motions to vacate, plaintiffs primarily argue that these actions were improperly removed and plaintiffs' motions to remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan did not participate in the disposition of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

Plaintiffs in the Eastern District of Pennsylvania actions argue that transfer will result in dismissal of their claims against defendants Secant Medical, Inc., Secant Medical, LLC, and Prodesco, Inc. (Secant), because they are not named in the master complaint in MDL No. 2327. As we recently held in transferring three similar actions to MDL No. 2327 over plaintiffs' objections,[2] the transferee court has held that plaintiffs filing claims against defendants not named in the master complaint cannot *directly file* their claims in the Southern District of West Virginia. Plaintiffs' claims against such defendants are free to proceed in the MDL once they are transferred by the Panel pursuant to Section 1407.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro        Charles R. Breyer
Sarah S. Vance           Ellen Segal Huvelle

---

[2] *See* Transfer Order, MDL No. 2327 (J.P.M.L. Oct. 17, 2013).

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                                      MDL No. 2327

### SCHEDULE A

<u>Central District of California</u>

Amber Clavesilla, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06284
Joan Miller, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06285
Megan Moses, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06288
Pamela Ruiz, et al. v. Johnson & Johnson, et al., C.A. No. 2:13-06289

<u>Eastern District of Missouri</u>

Rhonda Johnson, et al. v. Johnson & Johnson, et al., C.A. No. 4:13-01763
Angela Davidson, et al. v. Johnson & Johnson, et al., C.A. No. 4:13-01765

<u>Eastern District of Pennsylvania</u>

Kathryn McGee, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04388
Carla Hibler v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04932
Leeanna Turner v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04933
Cassandra E. Dawson v. Johnson & Johnson, et al., C.A. No. 2:13-04934
Doris R. Carter, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04953
Bernadette Ely v. Johnson & Johnson, et al., C.A. No. 2:13-04954
Brenda Jo French v. Johnson & Johnson, et al., C.A. No. 2:13-04955
Theresa Dempsey v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-04956
Christine Greenwood, et al. v. Ethicon Women's Health & Urology, et al.,
    C.A. No. 2:13-04957
Brenda J. Carson v. Johnson & Johnson, et al., C.A. No. 2:13-04958
Barbara N. Bagwell v. Johnson & Johnson, et al., C.A. No. 2:13-04959
Lana Holt, et al. v. Ethicon Women's Health & Urology et al., C.A. No. 2:13-04960
Connie Sue Berry v. Johnson & Johnson, et al., C.A. No. 2:13-04961
Cynthia Dawn Nicholson v. Johnson & Johnson, et al., C.A. No. 2:13-04962
Gina Marie Collins v. Johnson & Johnson, et al., C.A. No. 2:13-04963
Kimberly L. Adkins v. Johnson & Johnson, et al., C.A. No. 2:13-04964
Iliana A. Perez v. Johnson & Johnson, et al., C.A. No. 2:13-05010
Betty Anne Giove, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-05011
Kathleen J. Tomer v. Johnson & Johnson, et al., C.A. No. 2:13-05013
Connie Rubio v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05014
Ann Porter-Toure, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05015
Geraldine Barry v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05016

-A2-

**MDL No. 2327 Schedule A (continued)**

<u>Eastern District of Pennsylvania (continued)</u>

Susan McFarland, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05017
Alice Deimler, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05018
Ella Cederberg-Ebaugh, et al. v. Ethicon Women's Health and Urology, et al.,
    C.A. No. 2:13-05292
Caroline Holbrook, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05294
Cathy Eifert, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05295
Patsy Cousins v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05296
Irene Gordon, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05297
Patricia Tallo v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05301
Debbie Zimmers, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05302
Theresa Lynn Thomas v. Johnson & Johnson, et al., C.A. No. 2:13-05303
Cheryl Veri, et al. v. Ethicon Women's Health and Urology, et al., C.A. No. 2:13-05304
Kelley Owens, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-05305
Julie Carr v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05306
Elizabeth Peil v. Ethicon Women's Health and Urology, et al., C.A. No. 2:13-05307
Patricia Hebert v. Ethicon Women's Health & Urology, et al., C.A. No. 2:13-05308
Sharon Beltz v. Ethicon Women's Health & Urology, et al., C.A. No. 5:13-04931
Kelly Mohn, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 5:13-05012
Diana Perigo, et al. v. Ethicon Women's Health & Urology, et al., C.A. No. 5:13-05293
Margaret Klima-Mills, et al. v. Ethicon Women's Health & Urology, et al.,
    C.A. No. 5:13-05298
Suzanne M. Emmett, et al. v. Ethicon Women's Health & Urolgy, et al., C.A. No. 5:13-05299

<u>Southern District of Texas</u>

Maria DeLeon v. Alejandro Tey, M.D., et al., C.A. No. 7:13-00439

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                           MDL No. 2327

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the four actions listed on Schedule A move to vacate our order conditionally transferring the actions to MDL No. 2327. Responding defendants Johnson & Johnson and Ethicon, Inc. (collectively Ethicon) oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2327. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon and related entities were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motion to vacate, movants argue that these actions were improperly removed and that their motions for remand to state court are pending in the transferor courts. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs in the Central District of California *Flores* action also argue that a court situated in California is best suited to rule upon unique issues of California law involved in *Flores*. The Panel has held repeatedly that Section 1407 transfer does not require a complete identity or even a majority of common factual or legal issues. *See, e.g., In re: Avandia Mktg., Sales Practices & Prods. Liab.*

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-2-

*Litig.*, 543 F. Supp. 2d 1376, 1378 (J.P.M.L. 2007). Furthermore, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state." *In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re: Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976)).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell           Charles R. Breyer
Lewis A. Kaplan               Sarah S. Vance
R. David Proctor

Case: 4:16-cv-01462-AGF   Doc. #: 1-1   Filed: 09/15/16   Page: 8 of 15 PageID #: 33
Case 2:14-cv-04701 Document 1 Filed 08/14/14 Page 3 of 3 PageID #: 666
Case MDL No. 2327 Document 608 Filed 08/13/14 Page 3 of 3

IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                MDL No. 2327

## SCHEDULE A

<u>Central District of California</u>

FLORES, ET AL. v. ETHICON, INC., ET AL., C.A. No. 2:14-03367

<u>Eastern District of Missouri</u>

STEVENS, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:14-00579

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                             MDL No. 2327

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the six actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2327. Responding defendants Johnson & Johnson and Ethicon, Inc. (collectively, Ethicon) oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2327, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2327. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that Ethicon and related entities defectively designed, manufactured, and marketed pelvic surgical mesh products, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by the devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motions to vacate, plaintiffs argue that their actions were improperly removed and motions to remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*]    Judge Charles R. Breyer took no part in the decision of this matter.

[1]    Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. Indeed, the Southern District of Texas recently denied the *Locke* plaintiffs' motion to remand.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION  MDL No. 2327

## SCHEDULE A

### Eastern District of Missouri

GEEL, ET AL. v. ETHICON, INC., ET AL., C.A. No. 4:14-01397
MILLER, ET AL. v. ETHICON, INC., ET AL., C.A. No. 4:14-01403

### District of New Mexico

TORRES, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:14-00743

### Eastern District of Texas

BRAGG, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 6:14-00719

### Northern District of Texas

EVANS, ET AL. v. ETHICON, INC., ET AL., C.A. No. 3:14-03062

### Southern District of Texas

LOCKE, ET AL. v. ETHICON, INC., ET AL., C.A. No. 4:14-02648

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2327

TRANSFER ORDER

      **Before the Panel:**[*] Pursuant to Panel Rule 7.1, certain parties to the actions listed on Schedule A move to vacate our orders conditionally transferring these actions to MDL No. 2327. Movants in the Eastern District of Missouri *Fitzgerald*, Western District of Missouri *Malcolm*, and Eastern District of Pennsylvania *Hammons*, *Musewicz*, and *Delacruz* actions are plaintiffs. Defendants Johnson & Johnson and Ethicon, Inc. (collectively Ethicon) oppose the motions to vacate. Defendant Boston Scientific Corp. also opposes the motion to vacate the Eastern District of Pennsylvania actions. Movant in the Northern District of Texas *Gay* action is defendant LifeCell Corp. (LifeCell). Plaintiff opposes the motion to vacate as to *Gay*.

      MDL No. 2327 is one of six MDLs pending in the Southern District of West Virginia involving allegations of defects in surgical products manufactured by five separate defendant groups and used to treat pelvic organ prolapse and stress urinary incontinence. *See In re: Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, MDL No. 2187, 746 F. Supp. 2d 1362 (J.P.M.L. 2010); *In re: Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, MDL Nos. 2325, 2326, and 2327, 844 F. Supp. 2d 1359 (J.P.M.L. 2012); *In re: Coloplast Corp. Pelvic Support Sys. Prods. Liab. Litig.*, MDL No. 2387, 883 F. Supp. 2d 1348, 1348 (J.P.M.L. 2012); *In re: Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2440, Transfer Order, __ F. Supp. 2d __ (J.P.M.L. Jun. 11, 2013).

      After considering all argument of counsel, we find that these actions share questions of fact with actions in this litigation previously transferred to the Southern District of West Virginia, and that transfer of these actions in their entirety to MDL No. 2327 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by these devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

      In support of the motions to vacate, plaintiffs in the Eastern District of Missouri *Fitzgerald*, Western District of Missouri *Malcolm*, and Eastern District of Pennsylvania *Hammons*, *Musewicz*, and *Delacruz* actions argue that these actions were improperly removed and plaintiffs' motions to

---

      [*]    Judge Sarah S. Vance did not participate in the disposition of this matter.

-2-

remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

The *Malcolm* plaintiff requests that the Panel sever her claims against the healthcare defendants (Todd Richards, M.D. and Freeman Health System) and remand them to Missouri state court. First, Section 1407 does not confer on the Panel the authority to remand claims to state court. Second, while the Panel may sever and remand claims to the transferor court where appropriate, we decline to do so here. There are numerous medical negligence claims pending in MDL No. 2327 against various healthcare defendants, most of whom are not named in more than one action. We are not persuaded that the circumstances of the *Malcolm* action warrant dissimilar treatment.

Plaintiffs in the Eastern District of Pennsylvania actions argue that transfer will result in dismissal of their claims against defendants Secant Medical, Inc. and Secant Medical, LLC (Secant), because they are not named in the master complaint in MDL No. 2327. These plaintiffs seem to be confused about the effect of the transferee court's rulings, which have held that plaintiffs filing claims against defendants not named in the master complaint cannot *directly file* their claims in the Southern District of West Virginia. Plaintiffs' claims against such defendants are free to proceed in the MDL once they are transferred by the Panel pursuant to Section 1407.

The Northern District of Texas *Gay* action, at first blush, does not appear related to MDL No. 2327. It does not name Ethicon as a defendant or involve an Ethicon product. However, the *Gay* plaintiff was implanted with products manufactured by both LifeCell and Ethicon at the same time and seeks to bring claims against both—similar to other multi-product/multi-defendant actions pending in MDL No. 2327. Oddly, plaintiff chose to directly file her claims against Ethicon in MDL No. 2327 and file her claims against LifeCell in Texas and requests transfer of those claims to MDL No. 2327. While the situation is procedurally confusing, transfer is consistent with the Panel's determination to keep the claims in multi-product/multi-defendant actions together in this MDL. It is clear that the plaintiff intended to bring her claims against both manufacturers together, and vacating the CTO in this situation would elevate form over substance. Though the complaint itself does not name Ethicon as a defendant, given that the products were implanted together, the action will share common factual issues.

LifeCell argues that *Gay* is the only pelvic mesh action in which it is named, and that it should be excluded from the MDL because it does not manufacture a "mesh device." We previously have rejected similar arguments. *See* Transfer Order, MDL No. 2327 (*Sitten*) (J.P.M.L. Jun. 12, 2013). While it may be that the claims against LifeCell are easily separable or are not sufficiently related to

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-3-

the claims regarding pelvic repair products manufactured by other defendants, the transferee judge is in the best position to make that determination. *See In re Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012). If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         Paul J. Barbadoro
Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan

Case: 4:16-cv-01462-AGF   Doc. #: 1-1   Filed: 09/15/16   Page: 15 of 15 PageID #: 40
Case 2:13-cv-26018  Document 20  Filed 10/18/13  Page 14 of 14 PageID #: 528
Case MDL No. 2327  Document 29  Filed 10/18/13  Page 14 of 14

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2327

## SCHEDULE A

<u>Eastern District of Missouri</u>

Bridgette Marie Fitzgerald, et al. v. Johnson & Johnson, et al., C.A. No. 4:13-01118

<u>Western District of Missouri</u>

Alicia Malcolm v. Ethicon, Inc., et al., C.A. No. 3:13-05083

<u>Eastern District of Pennsylvania</u>

Patricia L. Hammons v. Ethicon, Inc., et al., C.A. No. 2:13-04086
Gail Musewicz, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-04087
Maria D. Delacruz, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-04088

<u>Northern District of Texas</u>

Delinda Gay v. LifeCell Corp., C.A. No. 3:13-02639